UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO, | No. 2:17-cv-0545 DB P |
| Petitioner, | |
| v. | ORDER |
| COLUSA COUNTY SUPERIOR COURT, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, claiming the trial court imposed an unauthorized sentence. Before the court is petitioner's motion to proceed in forma pauperis ("IFP") (ECF No. 2) and petition (ECF No. 1) for screening. For the reasons set for the below, the court grants the motion to proceed IFP and dismisses the petition, but will provide petitioner an opportunity to file an amended petition.

**BACKGROUND**

Petitioner initiated this action in January of 2017 by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Therein, petitioner challenges his 2016 conviction and sentence rendered by the Colusa County Superior Court.

////

////

////

1

| | |
|---|---|
| 1 | **APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| 2 | Examination of the affidavit accompanying petitioner's motion to proceed IFP reveals he |
| 3 | is unable to afford the costs of this action. Accordingly, leave to proceed IFP is granted. 28 |
| 4 | U.S.C. § 1915(a). |
| 5 | **SCREENING** |
| 6 | **I.  Legal Standards** |
| 7 | The court is required to screen all actions brought by prisoners who seek any form of |
| 8 | relief, including habeas relief, from a governmental entity or officer or employee of a |
| 9 | governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion |
| 10 | thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis |
| 11 | on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). This means the court must |
| 12 | dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that |
| 13 | the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases. |
| 14 | Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of |
| 15 | Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these |
| 16 | rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil |
| 17 | Procedure, when considering whether a petition presents a claim upon which habeas relief can be |
| 18 | granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. |
| 19 | 89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer |
| 20 | v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than |
| 21 | those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that |
| 22 | '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant |
| 23 | habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 |
| 24 | F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro |
| 25 | se habeas petitioners may not be held to the same technical standards as litigants represented by |
| 26 | counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled |
| 27 | to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual |
| 28 | inferences in the petitioner's favor.") |

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Although, as stated above, pro se petitions receive less scrutiny for precision than those drafted by lawyers, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in a short, plain, and succinct manner. See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings ... Rule 8 of the Federal Rules of Civil Procedure requires only 'a short and plain statement[.] ... Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement.") Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. Jones v. Gomez, 66 F.3d 199, 204–05 (9th Cir.1995); James v. Borg, 24 F.3d 20, 26 (9th Cir.1994).

**II.     Discussion**

Petitioner asserts one ground for habeas relief in his petition: That the trial court imposed an unauthorized sentence that does not comply with the realignment law. (ECF No. 1 at 3.)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n. 7 (1997)). Section 2241(c) provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states, "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. "[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (citations omitted). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." Oxborrow v. Eikenberry, 877 F.2d 1395, 1400 (9th Cir. 1989).

////

The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). To succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Petitioner may only seek habeas relief if the nature or duration of his imprisonment violates federal constitutional provisions.

A federal court can grant habeas relief only if the petitioner has demonstrated that the state court violated the United States constitution or federal law. Swarthout v. Cooke, 562 U.S. 216, 219 (2011). "'[F]ederal habeas corpus relief does not lie for errors of state law.'" McGuire, 502 U.S. at 67 (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

Because the sole claim for relief alleges only a violation of California state sentencing law, this claim is not recognized in a federal habeas proceeding. (ECF No. 1 at 3.) Accordingly, this claim is dismissed. However, petitioner may file an amended petition that attempts to challenge a decision that is "contrary to, or involved an unreasonable application of, clearly established **Federal** law[.]" 28 U.S.C. § 2254(d)(1) (emphasis supplied). The court notes that petitioner alludes to ineffective assistance of counsel within the claim (i.e., he blames his counsel for not catching the purportedly illegal sentence), which could present a federal claim for relief; however, the claim, itself, is phrased as unequivocally being a challenge to the state court's application of California state sentencing law.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Petitioner's petition (ECF No. 1) is dismissed with leave to amend.
3. Within thirty days of the date of this order, petitioner shall file an amended petition. The amended petition shall include the case number assigned to this action and shall

4

be titled "First Amended Petition." Petitioner is warned that the court cannot refer to his prior petition to make his First Amended Petition complete. Petitioner must include all claims for habeas corpus relief in his first amended petition.

4. The Clerk of the Court is directed to send petitioner a copy of the form used in this district for pursuing a writ of habeas corpus under 28 U.S.C. § 2254.

5. Petitioner is warned that his failure to comply with this order may result in dismissal of this action.

Dated: September 30, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

TIM-DLB:10
DB / ORDERS / ORDERS.PRISONER.HABEAS / azev.0545.scrn.110