UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LEONARD AZEVEDO,<br><br>Petitioner,<br><br>v.<br><br>COLUSA COUNTY SUPERIOR COURT,<br><br>Respondent. | No. 2:17-cv-0545 DB P<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his May 25, 2016 conviction and ninety-day jail sentence for a probation violation. (ECF No. 16.) Both parties have consented to magistrate judge jurisdiction. (ECF Nos. 4, 24.) Presently before the court are petitioner's motions to appoint counsel (ECF Nos. 48, 53) and respondent's motion to dismiss (ECF No. 23). For the reasons set forth below, the court will deny the motions to appoint counsel and grant the motion to dismiss.

**BACKGROUND**

**I.      Procedural History**

Petitioner initiated this action on March 14, 2017 by filing a petition for writ of habeas corpus. (ECF No. 1.) The court screened and dismissed the petition, finding petitioner had only alleged a violation of California state law. (ECF No. 15.) Thereafter, petitioner filed an amended

1

petition, in which he alleges his trial counsel was ineffective because he failed to object to the imposition of an unauthorized sentence. (ECF No. 16.) After screening the amended petition, the court directed respondent to file a response to the amended petition. (ECF No. 18.) In response to the amended petition, respondent filed a motion to dismiss. (ECF No. 23.)

**II.     The Petition**

In the amended petition, petitioner challenges his May 25, 2016 conviction in the Colusa County Superior Court. (ECF No. 16.) Petitioner pled guilty to a probation violation and received a ninety-day jail sentence. He alleges two grounds for relief: (1) that his sentence was unauthorized under Proposition 36; and (2) his counsel was ineffective for failing to object or challenge the imposition of an unauthorized sentence.

## MOTIONS TO APPOINT COUNSEL

Petitioner has filed two motions requesting the court appoint counsel. (ECF Nos. 48, 53.) It appears petitioner is arguing that the court should appoint counsel based on his belief that his mail is being tampered with. He further claims he has not received a legal help referral list from the court.

The court is sympathetic to the struggles faced by inmates while proceeding pro se. However, there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. As set forth below, the court has determined that this action must be dismissed; therefore, the interests of justice would not be served by the appointment of counsel at this time. Accordingly, the court will deny petitioner's motions to appoint counsel.

## MOTION TO DISMISS

Respondent argues the court should dismiss this action for lack of jurisdiction because petitioner cannot satisfy the "in custody" requirement of 28 U.S.C. § 2254(a) and has failed to name a proper respondent. (ECF No. 23 at 2-3.) Respondent alternatively argues that petitioner

////

has failed to state a cognizable claim on ground one and the entire action should be dismissed as unexhausted. (Id. at 3-6.)

After being directed to file an opposition to respondent's motion to dismiss, petitioner filed a one-page document stating he objects to the motion based on the seriousness of this issue and that the conviction at issue is not the only unauthorized sentence he has received. (ECF No. 45.) He further claims the entire Colusa County Court system continues to retaliate against him, even going so far as to intercept his mail. He requests that he be allowed this objection because he already served the time and the harassment continues. (Id.)

Petitioner also filed a document titled "Objection" to the motion to dismiss. (ECF No. 46.) He claims he objects to the motion to dismiss because it is obvious that his Sixth Amendment rights suffered. He claims "this was agreed to be a[n] unauthorized sentence within the Third Appellate District" due to the non-violent realignment law that passed in 2003. He also states that his poor education has made it difficult to learn and understand. He argues that his sentence was only ninety days, which did not give him enough time to appeal, let alone file a writ. He requests that he be allowed to continue this process because his sentence was unauthorized and he completed and served a sentence that he would not have received if he had adequate representation.

### I. Legal Standards for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Court of Appeals for the Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1991). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

### II. Legal Standards Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkeonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). A

federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3). The "in custody" requirement is jurisdictional, and "require[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

If a habeas petitioner is not actually incarcerated pursuant to the conviction or convictions he seeks to reverse, the petitioner must establish that he is subject to conditions that "significantly restrain . . . [his] liberty." Jones v. Cunningham, 371 U.S. 236, 243 (1963); Virsnieks v. Smith, 521 F.3d 707, 717-19 (7th Cir. 2008). However, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492; Feldman v. Perrill, 902 F.2d 1445, 1448-49 (9th Cir. 1990) ("Because the sentence for this conviction expired before [the petition was filed], it cannot satisfy the "in custody" requirement—even though it may have had the collateral consequences of enhancing his subsequent federal sentence, delaying his release on parole and postponing the end of his parole term.").

### III. Discussion

Petitioner challenges the ninety-day jail sentence he received for a probation violation. (ECF No. 16.) He began his sentence on May 25, 2016 and was released on June 30, 2016. (LD[1] 4.) Petitioner filed the petition in this court on March 10, 2017.[2] Records show that petitioner was unconditionally released approximately eight months before he filed the petition. Thus, he was not formally restrained by the state in any way at the time the petition was filed, such as by probation or parole. Petitioner's most recent filing indicates that he is currently in prison for a

---

[1] Respondent lodged documents filed in state court here. (See ECF No. 25) Documents are identified by their Lodged Document number, "LD," assigned to them by respondent.
[2] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010).

4

different offense. (See ECF No. 56, 57; LD 2.) However, he is not incarcerated pursuant to the May 25, 2016 probation violation and sentence he challenges in his petition. Further, petitioner acknowledges that he has completed his sentence on the challenged conviction. (ECF No. 46 at 2.)

Petitioner has not alleged that he suffered from any collateral consequences stemming from the conviction challenged in the petition or that the conviction has been used to enhance his current sentence. "[T]he court adopted in Maleng a rule that collateral consequences preclude mootness, but do not satisfy the 'in custody' requirement." Feldman v. Perrill, 902 F.2d 1445, 1448 (9th Cir. 1990). While collateral consequences might preserve the court's jurisdiction, they cannot create it in the first instance. Rhone v. Laughlin, No. CV12-01808-PHXDGC, 2013 WL 3875296, at *6 (D. Ariz. July 26, 2013). Thus, even if petitioner had alleged he suffered some collateral consequence based on the challenged conviction, it would not be sufficient to create jurisdiction over the petition because his sentence expired before he filed the petition.

Accordingly, petitioner may not may not maintain the current action, and the petition under 28 U.S.C. § 2254 must be dismissed with prejudice for failure to meet the "in custody" requirement. Because the court finds that it lacks jurisdiction, it declines to consider respondent's arguments regarding petitioner's failure to state a claim and failure to exhaust state court remedies.

**CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable
////

5

whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Based on the reasoning set forth above, the court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. See Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such as circumstance, no appeal would be warranted."). Accordingly, the court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's motions to appoint counsel (ECF Nos. 48, 53) are denied.
2. Respondent's motion to dismiss (ECF No. 23) is granted because the court does not have jurisdiction to entertain the petition. This action is dismissed with prejudice.
3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: January 29, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB1/prisoner-habeas/Azev0545.mtd

6